**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY GRESSENS,** | : | No. 3:16cv1089 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **ASHLAND FOUNDRY & MACHINE** | : | |
| **WORKS, INC.; UNITED STEEL,** | : | |
| **PAPER AND FORESTRY, RUBBER,** | : | |
| **MANUFACTURING, ENERGY,** | : | |
| **ALLIED INDUSTRIAL AND SERVICE** | : | |
| **WORKERS INTERNATIONAL UNION,** | : | |
| **AFL-CIO-CLC; and UNITED STEEL** | : | |
| **WORKERS OF AMERICA LOCAL** | : | |
| **UNION 14372,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Plaintiff Gregory Gressens (hereinafter "plaintiff") claims Defendant

Ashland Foundry & Machine Works, Inc.'s (hereinafter "Ashland Foundry")

improperly terminated his employment under Section 301 of the Labor

Management Relations Act (hereinafter "LMRA").  Plaintiff further alleges

Defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,

Allied Industrial and Service Worker's International Union, AFL-CIO-CLC, and

United Steel Workers of America Local Union 14372's (collectively "Union")

decision to abandon plaintiff's grievance breached the Union's duty of fair

representation under his Collective Bargaining Agreement (hereinafter "CBA")

and the LMRA.  Before the court for disposition are Ashland Foundry and the Union's motions to dismiss plaintiff's amended complaint.  For the reasons that follow, the court will deny these motions.

**Background**

The instant employment action arose from plaintiff's employment with Ashland Foundry.  Plaintiff worked full-time at Ashland Foundry, and the Union served as plaintiff's collective bargaining representative.[1]  (Doc. 18, Am. Compl. (hereinafter "Am. Compl.") ¶¶ 1-3, 8-9).

In early January 2016, plaintiff allegedly tested positive for amphetamines/methamphetamines.  (Id. ¶ 11).  Plaintiff claims this was his first positive drug test.  (Id. ¶ 20).  Plaintiff avers his positive result arose from taking a prescription for Adderall.  (Id. ¶¶ 12-13).  Plaintiff provided Ashland Foundry with proof of his prescription for Adderall.  (Id. ¶ 14).  Ashland Foundry, however, terminated plaintiff's employment on January 9, 2016.  (Id. ¶ 15).

Plaintiff grieved Ashland Foundry's decision to terminate his employment.  (Id. ¶ 22).  Plaintiff argued his purported positive test resulted from a valid

---

[1] As a Union employee, the CBA covering 7/29/2012 to 7/28/2017 governed the terms of plaintiff's employment.  (Am. Compl. ¶ 10; Doc. 18-1, CBA dated 7/29/2012 to 7/28/2017 (hereinafter "Ashland CBA")).

prescription.[2]  (Id. ¶¶ 12-13, 19).  Alternatively, plaintiff claimed that even if his

positive test did not result from a valid prescription, Ashland Foundry improperly

terminated his employment.  Specifically, plaintiff argues that the 2003 Drug

Policy, which plaintiff asserts covered his positive drug test, prohibited Ashland

Foundry from terminating a first time offender's employment.  (Id. ¶¶ 16-21).

On February 1, 2016, the Union and Ashland Foundry denied plaintiff's

grievance.  (Id. ¶ 23).  The Union also informed plaintiff that it would not

represent plaintiff any further, and the Union would not arbitrate plaintiff's

grievance.  (Id.)  Plaintiff attempted to arbitrate his grievance without the Union.

(Id.)  The Union, however, opposed plaintiff's attempt and refused to allow the

grievance to proceed to arbitration.  (Id.)

In response to Ashland Foundry terminating his employment and the

Union's failure to fully grieve his termination, plaintiff filed a complaint on June 8,

2016, and an amended complaint on September 22, 2016.  Plaintiff's two-count

amended complaint avers the following claims: Count I, breach of contract claim

---

[2] Relevant to the instant matter, the CBA noted that the 2003 Drug Policy (hereinafter "2003 Drug Policy") was in effect at the time Ashland Foundry terminated plaintiff's employment.  (Id. ¶¶ 17-18).  The 2003 Drug Policy prohibited Ashland Foundry from terminating the employment of first time offenders.  (Id. ¶¶ 20-21).  The Drug 2003 Policy also stated that a positive test for a controlled substance would not be considered a violation of the policy if the positive test arose from an employee's prescription medications.  (Id. ¶ 19).

pertaining to the CBA against Ashland Foundry; and Count II, breach of fair duty

of representation claim pursuant to the LMRA against the Union. Ashland

Foundry filed a motion to dismiss, or in the alternative a motion for summary

judgment, pertaining to Count I on October 27, 2016. (Doc. 23). The Union

filed a motion to dismiss Count II on October 28, 2016. (Doc. 27). The parties

have briefed the issues, bringing the case to the present procedural posture.

**Jurisdiction**

As plaintiff brings suit pursuant to Section 301 of the LMRA, we have

federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws,

or treaties of the United States.").

**Standard of Review**

Ashland Foundry and the Union filed motions to dismiss plaintiff's

amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The

court tests the sufficiency of the complaint's allegations when considering a

Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be

viewed as true and in the light most favorable to the non-movant to determine

whether, "'under any reasonable reading of the pleadings, the plaintiff may be

entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir.

1988) (quoting Estate of Bailey by Oare v. Cty. of York, 768 F.2d 503, 506 (3d

Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable

expectation that discovery will reveal evidence of' [each] necessary element" of

the claims alleged in the complaint.  Phillips v. Cty. of Allegheny, 515 F.3d 224,

234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

(2007)).  Moreover, the plaintiff must allege facts that "justify moving the case

beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In

evaluating the sufficiency of a complaint the court may also consider "matters of

public record, orders, exhibits attached to the complaint and items appearing in

the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d

1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to

accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer

v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006)

(citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Ashland Foundry and the Union move to dismiss plaintiff's LMRA claims,

arguing plaintiff's allegations fail to state a claim upon which relief can be

granted.  Plaintiff's amended complaint asserts a "hybrid" claim under Section

301 of the LMRA, which authorizes "[s]uits for violation of contracts between an

employer and a labor organization representing employees in an industry

affecting commerce . . . or between any such labor organizations . . . ." 29 U.S.C. § 185(a).

A "hybrid" section 301 action "is one in which a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." Beidleman v. Stroh Brewery Co., 182 F. 3d 225, 236 (citing DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 164-65 (1983)). "To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that [the employer's action] was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." Delcostello, 462 U.S. at 165 (citation omitted). Here, Ashland Foundry seeks to dismiss plaintiff's breach of contract claim and the Union moves to dismiss plaintiff's breach of fair duty of representation claim. We will discuss these claims in seriatim.

## I. Breach of Contract

Ashland Foundry first seeks to dismiss plaintiff's breach of contract claim, arguing plaintiff's verified drug test for methamphetamine arising from a work-related accident justified the termination of plaintiff's employment. Plaintiff contends that his prescription for Adderall caused a false positive test result, and therefore, Ashland Foundry improperly terminated his employment.

Alternatively, plaintiff asserts the 2003 Drug Policy, which plaintiff avers was in effect at the time of his alleged positive drug test, provided that a first time offender's employment could not be terminated.  After a careful review, the court finds that plaintiff has properly pled a breach of contract claim against Ashland Foundry.

Under Pennsylvania law, parties must allege the following three elements to adequately state a breach of contract claim: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

In the instant matter, Ashland Foundry and the Union operated under a CBA, detailing the terms of plaintiff's employment.  (Am. Compl ¶¶ 9-10).  The CBA noted that the 2003 Drug Policy was in effect at the time Ashland Foundry terminated plaintiff's employment.  (Id. ¶¶ 17-18).  The 2003 Policy prohibited Ashland Foundry from terminating the employment of first time offenders.  (Id. ¶¶ 20-21).  The 2003 Policy also stated that a positive test for a controlled substance would not be considered a violation of the policy if the positive test arose from an employee's prescription medications.  (Id. ¶ 19).

Plaintiff allegedly tested positive for amphetamines/methamphetamines in early January 2016.  (Id. ¶ 11).  Plaintiff claims this was his first positive drug test pursuant to the 2003 Policy, and asserts that his positive result arose from taking a prescription for Adderall.  (Id. ¶¶ 12-13, 20).  Plaintiff provided Ashland Foundry with proof of his prescription for Adderall.  (Id. ¶ 14).  Ashland Foundry, however, terminated plaintiff's employment on January 9, 2016.  (Id. ¶ 15).

Confronted with plaintiff's allegations, Ashland Foundry presents matters outside the pleadings and requests the court convert the instant motion to dismiss to a motion for summary judgment.  Federal Rule of Civil Procedure 12(d) allows for courts to decide motions to dismiss as summary judgment motions.  The federal rules specifically provide as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d).

Where, as here, a party requests the court consider matters outside of the pleading, the issue of whether to convert the motion to dismiss into a motion for summary judgement is a matter entrusted to the discretion of the court. Kulwicki v. Dawson, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992); Imhoff v. Temas, 67 F. Supp. 3d 700, 705 (W.D. Pa. 2014).  Despite this discretion, the court is

8

nonetheless precluded from converting a Rule 12(b)(6) motion into a Rule 56 motion when it finds that there exists a genuine issue of material fact. See Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 894, 891 (3d Cir. 1977)).

Furthermore, when a District Court decides to convert a motion to dismiss into a motion for summary judgment, the court must provide the parties "reasonable opportunity" to present all material evidence relevant to a summary judgment motion. Bruni v. City of Pittsburgh, 824 F.3d 353, 361 (3d Cir. 2016). The Third Circuit Court of Appeals has held that "notice must be 'ambiguous' and must 'fairly apprise[]' the parties that the court intends to convert the motion." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 288 (3d Cir. 1999). Stated differently, the Third Circuit has recommended that District Courts "provide express notice when they intend to convert a motion to dismiss" because it "is easy to give and removes ambiguities." Id. at 288 n.11.

To support the conversion of its motion to dismiss to a motion for summary judgment, Ashland Foundry seeks admission of three categories of evidence. First, Ashland Foundry moves for the admission of a 2009 Drug Policy (hereinafter "2009 Drug Policy"), and argues this policy, not the 2003 Drug Policy, covered any disciplinary action arising from plaintiff's positive drug

test.[3]  Second, Ashland Foundry seeks to submit documentary testimony to demonstrate that plaintiff's prescription for Adderall would not have resulted in plaintiff testing positive for methamphetamine.  Third, Ashland Foundry provides plaintiff's disciplinary history, contending that the termination of plaintiff's employment arose from a progressive discipline scheme.

The court, however, will not consider, and expressly precludes, Ashland Foundry's affidavits and evidence submitted to support its motion for summary judgment.  Much of Ashland Foundry's evidence presents clear issues of material fact.  For example, plaintiff asserts the 2003 Drug Policy covered plaintiff's positive drug test.  The 2003 Drug Policy expressly precluded Ashland Foundry from terminating a first time offender.  Ashland Foundry argues the exact opposite—the 2009 Drug Policy covered plaintiff's employment, which allowed Ashland Foundry to terminate plaintiff's employment after his failed drug test.  Additionally, medical expert testimony will likely be needed to ascertain whether Adderall caused plaintiff's positive drug test.  Finally, the parties may address plaintiff's progressive discipline history, if any, during discovery.  In

---

[3]  Under the 2009 Drug Policy, Ashland Foundry reserved the right to immediately terminate an individual's employment based on a positive drug test when that employee was involved in a work accident where an individual was harmed.  (Doc. 18-2, Ex. B, 2009 Drug Policy dated 12/12/09 at 6). Thus, according to Ashland Foundry, the 2009 Drug Policy permitted it to terminate plaintiff's employment.

short, myriad issues of material fact preclude converting Ashland Foundry's

Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.

To the extent that Ashland Foundry's arguments and extrinsic evidence

rely on facts not contained in the complaint, the court will not consider them in

deciding the motion to dismiss.  Rather, at this initial stage of litigation, viewing

plaintiff's allegations as true, the court determines that plaintiff has sufficiently

alleged a breach of contract claim against Ashland Foundry.

## II.  Breach of fair representation

The Union next moves to dismiss plaintiff's breach of fair representation

claim.  To properly plead a claim against the Union for breach of the duty of fair

representation, the plaintiff must sufficiently aver that the Union's conduct

toward that member was "'arbitrary, discriminatory, or in bad faith.'"  Masy v.

N.J. Transit Rail Operations, Inc., 790 F.2d 322, 328 (3d Cir. 1986) (quoting

Vaca v. Sipes, 386 U.S. 171, 190 (1967)).  After a careful review, the court finds

that plaintiff has sufficiently alleged that the Union's failure to properly grieve

plaintiff's termination was arbitrary.

"A union's conduct can be classified as arbitrary only when it is irrational,

when it is without a rational basis or explanation."  Marquez v. Screen Actors

Guild, Inc., 525 U.S. 33, 46 (1998) (citing Air Line Pilots v. O'Neill, 499 U.S. 65,

78-81 (1991)).  Moreover, with respect to an alleged grievance against an

employer, "'a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion.'"  Riley v. Letter Carriers Local No. 380, 668 F.2d 224, 228 (3d Cir. 1981) (quoting Vaca, 386 U.S. at 191).  The plaintiff must demonstrate more than "mere ineptitude or negligence" on the part of the union, and "the fact that trained counsel would have avoided the error or pursued a different strategy is not enough."  Riley, 668 F.2d at 228 (quotation marks and citations omitted).  Finally, a union's foremost duty to advocate on behalf of its members is tempered by "an obligation . . . to act fairly under the collective bargaining agreement and not to assert or press grievances which it believes in good faith do not warrant such action."  Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970).

Here, plaintiff's allegations may demonstrate that the Union arbitrarily ignored his grievance or processed it in a perfunctory fashion.  As previously stated, Ashland Foundry suspended, and then terminated plaintiff's employment, in early January 2016, alleging plaintiff violated Ashland Foundry's Drug and Alcohol Policy.  (Am. Compl.  ¶¶ 11, 15).  Immediately after the termination of his employment, plaintiff filed a grievance with the Union.  (Id. ¶ 22).

On February 1, 2016, the Union and Ashland Foundry denied plaintiff's grievance.  (Id. ¶ 23).  The Union also informed plaintiff that it would not

represent plaintiff any further, and the Union would not arbitrate plaintiff's grievance.  (Id.)  Plaintiff attempted to arbitrate his grievance without the Union. (Id.)  The Union, however, opposed plaintiff's attempt and refused to allow the grievance to proceed to arbitration.  (Id.)  In short, plaintiff avers the Union failed to properly grieve his termination when the Union possessed evidence indicating that plaintiff had not violated either the 2003 Drug Policy or the 2009 Drug Policy.

At this stage in the litigation, absent the benefit of a fully developed factual record, and viewing plaintiff's allegations as true, the court will allow this claim against the Union to proceed.  Thus, the court will deny the Union's motion to dismiss this claim.

**Conclusion**

For the above-stated reasons, the court will deny Ashland Foundry and the Union's motions to dismiss plaintiff's breach of contract and breach of fair representation claims.  An appropriate order follows.

**Date**:   **03/09/2017**                              **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**